IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Graham County Electric Cooperative, Inc., ) | No. CV 04-527-TUC-CKJ |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Local Union No. 287, International ) Brotherhood of Electrical Workers, AFL- ) CIO, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Pending before the Court is Defendant's (the "Union") Motion for Attorneys' Fees and Related Non-Taxable Expenses; Plaintiff (the "Cooperative") has filed a response opposing this motion. For the reasons stated below, Defendant's Motion is denied.

As the relevant facts and law have already been addressed in detail in the Court's Summary Judgment Order ("MSJ Order")(Doc. #35), the Court will not repeat those issues. As summary judgment was granted in Defendant's favor, Defendant has filed the instant motion arguing that it is entitled to attorneys' fees and nontaxable expenses, and that the Court should reward all of the fees and expenses requested as they are reasonable. However, the Court need not determine if the fees and expenses in question are reasonable because Defendant does not meet the stringent standard applicable in this case to entitle it to attorneys' fees and nontaxable expenses.

1    As a threshold matter, both parties agree that Defendant is entitled to attorneys' fees and
2 nontaxable expenses only if it can show that Plaintiff's suit was taken in "bad faith,
3 vexatiously or for oppressive reasons." *See* Defendant's Memorandum of Law at 3 (Doc.
4 #40); Plaintiff's Response to Memorandum of Law at 2-5 (Doc. #46); *Int'l Union of*
5 *Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th
6 Cir. 1983); *Sheet Metal Workers Intern. Association Local Union No. 359 v. Madison*
7 *Industries, Inc. of Arizona*, 84 F.3d 1186, 1192 (9th Cir. 1996). Although Plaintiff did not
8 prevail in its appeal of the arbitration award, the Court certainly can not conclude that it acted
9 in bad faith, vexatiously or for oppressive reasons; as in every civil case that does not settle,
10 one party must lose despite a meritorious position in the case.

11   As the record and relevant discussion in the MSJ Order indicates, Plaintiff's suit was taken
12 in good faith.  It is undisputed that Curley, the Union represented employee at issue, was
13 required to have a Commercial Driver's License ("CDL").    *See* MSJ Order at 2.
14 Nevertheless, Curley was later charged with a DUI which resulted in the suspension of his
15 CDL for a minimum of 30 days. *Id.* Months before Curley's DUI problems arose, Curley
16 (along with the other Union members) had received written notice that he would have to bear
17 the burden of the entire 30 day DUI related suspension by taking vacation pay or leave
18 without pay. *Id.* at 3. As such, Curley was given a 30 day suspension; however, despite the
19 prior written warning and his DUI suspension which affected his ability to work, Curley
20 challenged the suspension.  *Id*.  Thereafter, the dispute went to Arbitrator Rule; despite
21 finding that the policy in question was reasonable and the employees' had notice of the
22 policy, he concluded that the punishment was too harsh and reduced the 30 day suspension
23 to one week. *Id.* at 3-8. Although the Court ultimately confirmed the award in light of the
24 extreme deference given to arbitration awards, it noted the minimal explanation in the award:
25 "While the arbitration award offers little reasoning to support its final conclusion, the Court
26 can not say that the arbitrator's award fails to draw its essence from the CBA in light of the
27 extreme deference given to such awards." *Id.* at 6.  The Court also noted: "While the
28 arbitrator certainly could have offered a more detailed analysis of the record which persuaded

him that the suspension was unjust and without proper cause, it nonetheless appears that the arbitrator's decision drew its essence from the CBA." *Id.* at 7.  As indicated in the Court's Summary Judgment Order and a review of the record shows, Plaintiff's suit was not taken in bad faith, vexatiously or for oppressive reasons.  Accordingly, **Defendant's Motion for Attorneys' Fees and Related Non-Taxable Expenses is DENIED**.

Lastly, on 9/14/05, Defendant filed a Motion for Enlargement of Time such that the Clerk of the Court may consider the merits of Defendant's Bill of Costs.  Plaintiff has not filed a response and the time for doing so has expired. *See* LRCiv 7.2(c); LRCIV 12.1; FED.R.CIV.P. 6(a). LRCiv 7.2(j) provides that "if the opposing party does not serve and file the required answering memoranda . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."  As such, **Defendant's Motion for Enlargement of Time is SUMMARILY GRANTED**; the Clerk of the Court shall consider Defendant's Bill of Costs on the merits.

DATED this 9th day of November, 2005.

_____
Cindy K. Jorgenson
United States District Judge

- 3 -